NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONALD WIGE, | CASE NO. **CV09-01369 MMM (PLAx)** |
| | *Assigned to Honorable Margaret M. Morrow* |
| Plaintiff, | PROTECTIVE ORDER |
| vs. | |
| CITY OF LOS ANGELES, OFFICER RYAN BELLOS, LEONARD MCKENSIE, OFFICER MILLER, and DOES 1-10, | |
| Defendants. | |

Following the court's order "RE: Plaintiff's Motion to Compel Discovery" issued December 10, 2009 the parties through their attorneys James S. Muller and Colleen Flynn for plaintiff and Deputy City Attorney Craig J. Miller, for defendants, submit the following (Proposed) PROTECTIVE ORDER in order to comply with this court's ruling at page 13 of Document 35. The court having weighed and balanced the interests of the officer's right to privacy against the plaintiff's need to know information relative to this case and the court having ordered disclosure of personnel records, subject to a protective order, the parties submit the following:

1

In short any personnel documents, aka "Confidential Material" is subject to an order of protection permitting their use only during this case and if the documents need to be filed with the court, that the filing be done under seal. The documents will ultimately be returned to defendant City of LA at the close of the case. Therefore, the parties submit the following (Proposed) Protective Order for the court's consideration.

IT IS HEREBY ORDERED that:

1. The "Confidential Material" which is the subject of the protective order shall include, documents constituting the internal affairs investigation into this incident, known as CF 08-005326 and any other personnel complaints which fit the categories requested, which are to be maintained with an expectation of confidentiality;

2. Personal confidential information not limited to such as home addresses of officers, financial information, rap sheets of complaining witnesses, and medical information of arrestees or officers have been redacted from any documents produced.

3. This Protective Order shall protect from unauthorized disclosure documents, things, or other information (Confidential Material as defined in Paragraph No. 1, above) produced by the parties in this action.

4. Confidential Material shall be classified as confidential and parties may affix by stamping/watermarking copies with "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER (or similar terminology)" including the case name on the document one time in the body of the document. Stamping "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" on the cover of a multiple page document shall classify all pages of the document as confidential, unless otherwise indicated by the parties. Other unambiguous written notice that material is being classified as confidential also shall be sufficient.

5. Immediately upon production of the Confidential Material, counsel shall personally secure and maintain said material in his possession. Counsel shall not cause or knowingly permit disclosure to any person or entity of the contents of the Confidential

Material in any manner, including orally, any statement or information, or portions thereof, beyond the disclosure permitted under the terms and conditions of this Order.

6. The Confidential Material shall be used only for the purpose of prosecution, including any appeal, and settlement of this action. No person to whom Confidential Material is disclosed shall cause or permit it to be used for any other purpose.

7. Any copies, summaries, abstracts, noted, extracts of the contents or other documents derived form the Confidential Material are protected under this Order, and shall be treated in the manner set forth in Paragraph No. 9 below.

8. Production of Confidential Material shall be made solely to counsel or counsel formally associated in the case, and experts as needed, and their representatives in this action. No counsel may disseminate the information to any person or entity, for any purpose, absent a prior court order, except that Confidential Material may be provided to a retained expert actively assisting counsel in the investigation of this action and/or the names and addresses may be provided to an investigator hired by counsel for the purposes of obtaining witness statement and/or serving said witnesses with deposition and/or trial subpoenas.

9. In the event counsel finds it necessary to employ such experts and/or investigators, prior to the disclosure of any Confidential Material, any attorney shall first cause the substance of this Order to be communicated to any such person and provide him or her with a copy of this Order.

All parties agree that if a person is provided with Confidential Material and should this person's identity become disclosed via their execution of the confidentiality provision of this protective order, and said person is not designated as an expert in this matter, the other side(s) agrees to not contact or seek records from said person.

10. If Confidential Material is used, directly or indirectly, in any depositions taken, the confidential portions of the transcript of the deposition, and all copies thereof shall be stamped "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" and shall be sealed pursuant to this Order. Any such testimony referring or relating or retelling the events

disclosed in the protected documents shall be taken under seal. A copy of this Order shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to said Order and precluded from providing the original deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action. Furthermore, any confidential portions of an audiotape and/or videotape of said deposition shall be sealed pursuant to this Order.

11. In addition, anyone other than the parties and following persons shall be precluded from attending the deposition using Confidential Material: Counsel of record in this action, the court reporter, and the court videographer, if any, and any expert witnesses who have previously agreed to be bound by the instant Stipulation for a Protective Order. Those attending the deposition using Confidential Material shall not disclose to any person or entity, in any manner, including orally, any statements made by the deponent during the course of said deposition and any such disclosure shall be construed as a violation of this Order.

12. If any counsel is served with a subpoena or other request seeking Confidential Material, counsel shall immediately give written notice to counsel for the party producing the confidential material..

13. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions (collectively, "papers") filed by counsels with the Court, which contain, reflect, incorporate or refer to Confidential Material, shall be accompanied by an application to file the papers under seal, absent further Order of this Court. Pending a ruling on the application, the papers that are subject of the application shall be lodged under seal.

14. Counsel for any party may request that any motions, applications or other pre-trial proceedings, which could entail the discussion or disclosure of Confidential Material, be heard by the court outside the presence of the jury or in a closed courtroom. If no request is made by counsel, opposing counsel may reveal confidential information in the courtroom , without violating this order.

///

15. Nothing herein shall prejudice Disclosing Parties' rights to object to the introduction of any Confidential Material into evidence, on grounds, including, but not limited to, relevance and privilege.

16. Within thirty (30) days following the termination of the instant action any appellate proceedings relating thereto, upon request of defendant or their counsel, all of the above-referenced Confidential Material, and all copies or documents derived therefrom, in the possession, custody, or control of counsel including experts, and any other person counsel provided the Confidential Material to, shall be returned to the party producing the Confidential Material. The defendant City, producing party, agrees to bear the costs associated with retrieval of documents from Plaintiff's counsel and destruction of the Confidential Material.

IT IS SO ORDERED.

Dated: December 18, 2009

_____
Paul L. Abrams
UNITED STATES MAGISTRATE JUDGE